ALFRED GODEFFROY, Respondent, *v.* WILLIAM W. CALDWELL and ROBERT RODGERS, Appellants.

One who advances money as a loan, although it is expressly for the payment of materials and labour devoted to the erection of a building, can have no claim to the benefit of the Mechanics' Lien Law.

The owner of land, who stands by and sees another sell it, without making known his claim, is forever estopped from setting up his title against an innocent purchaser.

So one who knowingly and silently permits another to expend money upon land, under a mistaken impression that he has title, will not be permitted to set up his right.

The designation of a contract by an improper term, cannot be allowed to take away a substantial right, where all the circumstances attending it are fully detailed.

A stipulation that a party should be protected for his advance of money to be expended in building upon a mortgaged lot, by the mortgagee, is a promise to repay the money so expended out of the mortgaged premises.

And such contract is obligatory upon an assignee of the mortgage, with notice.

A parol promise to pay for improvements made upon land, is not within the statute of frauds.

A mortgage is merely a security for the payment of money.

APPEAL from the Superior Court of San Francisco.

The complaint shows that a mortgage was made the 19th July, 1850, of the property described therein, to Lucius Skinner, by W. W. Caldwell, one of the defendants; and that it was assigned by Thomas G. Wells, attorney in fact for Skinner, on the 16th August, 1851, to the respondent, who claimed payment, &c., of the sum due thereon, $5000, with interest from 19th October, 1850. And further shows, that Rodgers, defendant, claims to have a lien upon, or interest in, the mortgaged premises; which interest or lien accrued subsequent to the lien of the said mortgage, and demands that the same be foreclosed; that the mortgaged premises be sold, the proceeds brought into court, and the plaintiff paid the amount due thereon, with interest, &c.

The answer of Rodgers, one of the defendants, states that the buildings upon the premises, described in the mortgage, were

wholly destroyed by fire on the 4th May, 1851. That Caldwell, (defendant,) the grantor in the said mortgage, after the fire, solicited a loan of Rodgers, to rebuild the said premises, which Rodgers refused, alleging the lien of the mortgage. That, thereupon, Wells, attorney in fact of Skinner, and his partner in the mortgage, declared to Rodgers, that the holder of the mortgage looked to nothing but the naked lot for payment, and that Rodgers might erect such buildings as Caldwell required, or loan the money for such purpose, and hold the building so erected as security for such loan; that the defendant on the faith of this declaration, erected the houses and stores, &c., and expended thereon $1911.03; and on the 3d June, 1851, filed a notice of his intention to hold a lien upon the said house, &c., so erected. And claims priority of payment of the balance, $850.60 due thereon, and costs, out of the proceeds of sale of the mortgaged premises.

Caldwell was called as a witness, and proved that Rodgers furnished the money to rebuild, after the fire. And that he communicated to Wells that Rogers would make the advance, if secured; and that Wells told witness to tell Rogers, that he might feel secure in his advances; that he, Wells, should hold only the ground for his lien. The money was advanced for payment of lumber and materials, and labour; the bills were handed to Rogers, and the money paid. He furnished the means, and the bills were rendered to him, and made out in his name.

The Court charged the jury, that the alleged lien of Rodgers could not operate against the plaintiff, either as a lien under the statute, or by the agreement sworn to by Caldwell as made by Wells, and directed them to find for the plaintiff.

Defendants excepted to the charge.

*Hambly,* for appellant.

The charge was erroneous; because the evidence for Rodgers was sufficient to sustain his lien; and because, independent of the lien, appellant has a right to recover by virtue of the agreement with Wells, proved by Caldwell, as this agreement had been brought home to the knowledge of the plaintiff, before the assignment to him of the mortgage.

*McAllister*, for respondent.

Rodgers merely advanced funds; furnished no materials; performed no work, &c. The mortgage was a lien at the time of the advance, and has priority; 4 Pennsylvania Laws, 300; 5 Bin. 585, 592; 1 Ashmead, 207.

A mechanic's lien is the creation of statute, and must be strictly construed; 1 Kelly Geo. 317, 319; 2 Sand. 21; Den. U. S. Rep. 204; Stats. of Cal. 1850, p. 211. Rodgers furnished *money*, which is not provided for by the statute. Such advance creates only a personal obligation on the part of the receiver.

The agreement with Wells could not give validity to the alleged lien—consent cannot extend the operation of a statute beyond the provisions of the statute. A party may relinquish a *right* under a statute, but cannot assume a *power* beyond its provisions; 2 Barb. Ch. Rep. 195.

The power of attorney from Skinner to Wells, does indeed contain a power to release; but *only* when it shall be *needful* and *necessary*. The release of Wells was therefore purely voluntary, and without consideration, and not binding on Godeffroy, who took Skinner's title, and not that of Wells, of which he was ignorant.

But if Wells had power to bind Skinner, the agreement was not in writing, and is contrary to the statute of frauds, and void. Sects. 25 and 26, statute of frauds, p. 268; 2 Blacks. 18; Mechanics' Lien Law, sec. 6; Laws of 1850, 212.

The agreement was either a mortgage or nothing; and if the Court decide that the lien contended for, was properly created by parol, they will virtually decide that a mortgage may be created in like manner. Parker *v.* Barker, 2 Met. 423.

The doctrine of estoppel, contended for by respondent, does not apply. It was upon the representation that a mechanic's lien existed, that the waiver in favour of it over the mortgage, was made. And if the waiver was predicated upon false representations, plaintiff will not be estopped from questioning them.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.

The mechanics' lien law provides exclusively for the security of material-men and labourers; and one who advances money as

a loan, although it is expressly for the payment of materials and labour devoted to the erection of a building; can have no claim to the benefit of the law. The case of the appellant must, therefore, be considered upon its strict equity, aside from any claim to a mechanic's lien. It is a well settled rule of all courts of equity, that the owner of land who stands by and sees another sell it, without making known his claim, is forever estopped from setting up his title against an innocent purchaser. In strict analogy to this rule, it is also a familiar principle, that one who knowingly and silently permits another to expend money upon land, under a mistaken impression that he has title, will not be permitted to set up his right.

The equity set up by the appellant in this case, is much stronger than in the case stated in the rule. Instead of Wells being a silent and passive spectator of the expenditure made by the appellant, he actually directs or invites it, giving at the same time, a specific promise of protection. It follows, that as between Wells and Rodgers, there can be no doubt of the equitable right of the latter.

The respondent became the assignee of Wells, with full notice of the claim of Rodgers before the assignment. It is true that the claim was called a mechanic's lien, when it had no validity as such, but all the circumstances under which it came into existence were fully and particularly detailed; and the designation of a contract by an improper term, cannot be allowed to take away a substantial right. The information was sufficient to put the party upon full inquiry, and to enable him to ascertain by legal advice, the exact rights of all parties.

Is, however, the parol contract between Wells and Rodgers within the statute of frauds? It will be seen that it was a stipulation that Rodgers should advance money to be expended in building upon the lot in question, and should be protected for his expenditure. The performance of his stipulation, on the part of Rodgers, was complete; and it is well established that in some cases part performance only, will take a case out of the statute of frauds. But this is not, as is contended, the case of a release of a mortgage, or a release of an interest in land, strictly speaking. Mortgages at the present day, are considered as

merely securities for the payment of money, and no breach of their conditions can possibly vest the title in the mortgagee. The contract, according to its most simple and direct interpretation, is a promise to repay money expended for improvements, out of a specific fund, to wit, out of the mortgaged premises; and Chancellor Kent says, that a parol promise to pay for the improvements made upon land, is not within the statute of frauds; 4 Kent, 450.

This view of the proper construction of the contract, also disposes of the question raised in reference to the power of attorney from Skinner to Wells.    Indeed, the power given to Wells, is extensive enough to authorize any fair disposition of the mortgaged premises; and it is only by force of this construction, that Godeffroy himself, (who claims under an assignment made by Wells, as attorney of Skinner,) can have any rights to be enforced.

The decree of the Court below is reversed with costs, and the case remanded.