GREEN, by her next friend, vs. LYNDES.

A married woman whose husband has deserted her and ceased to support his family, and has left the state without any intention to return, cannot maintain an action to set aside an assignment, made by her husband, of a school land certificate, and to have the certificate delivered up to her by the assignee, on the ground that the assignment was procured fraudulently, for a grossly inadequate consideration, when the assignor was intoxicated and unfit to transact business, nor on the ground that the land embraced in the certificate was, at the time of the assignment, occupied by the husband and his family as a homestead, and that she refused to become a party to the assignment.

If the assignment, in such case, is void, the wife can maintain possession of the homestead against the holder of the certificate.

APPEAL from the Circuit Court for *La Crosse* County. This action was brought in July, 1859, by *Abigail Green*, a married woman, by her next friend, to have an assignment by her husband of certain school land certificates set aside, and the certificates delivered up to her. The facts averred in the complaint are as follows: The plaintiff was married to Henry H. Green in 1832, and they lived together as husband and wife until May, 1859. In June, 1852, the said Henry became the owner of four school land certificates, embracing the S. W. qr. of Sec. 3, T. 16 N., R. 7 W., in La Crosse county, and continued to pay all moneys becoming

due from time to time on the certificates, according to law. Said Henry and the plaintiff, with their children, entered upon the lands about the time of the purchase, and made valuable improvements thereon, including a dwelling house, barn, &c., erected on the S. W. forty of the said quarter-section. The lands were used for agricultural purposes, and were not included in any city, town or village plat, and had been occupied by said Henry with his family as a homestead, and were still so occupied by the plaintiff and their children. In May, 1859, the said Henry abandoned his family, ceased to support them, and left the state, and at the commencement of this action was residing in Kansas or California, without any intention to return to, or support his family. For a year previous to the desertion of his family, his mind and memory are alleged to have been so impaired by habitual drunkenness that he was at all times entirely unfit for the transaction of business. On the 15th of April, 1859, he made an assignment in writing of said land certificates to the defendant, *Lyndes*, without the consent of the plaintiff; which assignment is alleged to have been procured fraudulently, and for a grossly inadequate consideration, while the said Henry was in a state of intoxication.

The defendant demurred to the complaint: 1. On the ground that the plaintiff had no legal capacity to sue, because it appeared from the complaint that she was a married woman, and her husband was not joined with her in the action, and it did not appear that she had any title, legal or equitable, to the subject matter of the action, and because it did not appear that the next friend by whom the suit was brought had been duly appointed by the court. 2. On the ground that there was a defect of parties plaintiff, because it appeared from the complaint that if a cause of action existed against the defendant upon the matters charged therein, Henry H. Green, or his guardian lawfully appointed, was the only proper plaintiff. 3. On the ground that the complaint did not state facts sufficient to constitute a cause of action.

The court made an order overruling the demurrer, from which the defendant appealed.

*Hopkins & Johnson*, for appellant:

June Term,
1860.

GREEN
v.
LYNDES.

1. A married woman is authorized to sue in her own name only in the cases mentioned in sec. 15, chap. 122, and sec. 4, chap. 95, R. S., and this case does not come within the provisions of either. The plaintiff does not sue for her own earnings, nor claim that this property was her separate estate. 2. The plaintiff had no interest in or title to her husband's property, real or personal, during his life. He could sell any part of it, except the homestead, without her consent. Her inchoate right of dower in the real estate would not be consummate or available until his death. As to a homestead, the law restrained the husband from transferring *his* title without the wife's consent, but gave *her* no title. Having no interest in the property in controversy, she cannot maintain the action. 3. This suit would not affect the rights of the husband, and would be no protection to the defendant against him. *Reeve vs. Dalby*, 2 Sim. & S., 464; *Howland vs. Fort Edward Paper Mill Company*, 8 How., Pr. Rep., 508, and authorities there collated. 4. Sec. 24, chap. 134, R. S., forbids any *alienation* of land occupied as a homestead, by the *owner* thereof, if a married man, without the wife's consent. But the party who holds land under a school land certificate, does not *own* the land, and therefore cannot alienate it. *Smith vs. Mariner*, 5 Wis., 561. Besides, the plaintiff seeks to set aside the sale of certificates covering 160 acres, and does not select a homestead therefrom. 5. The husband himself could not have the sale set aside, without offering to restore the consideration received by him, which the plaintiff does not offer to do.

*I. E. Messmore* and *Hugh Cameron*, for respondent:

1. When the husband has left the state, with the intention to renounce his marital relation, the wife may sue alone. *Gregory vs. Pierce*, 4 Met., 478; *Bean vs. Morgan*, 4 McCord, 148; *Rhea vs. Rhenner*, 1 Peters, 105; Cary's Rep., 87; Edwards on Parties, 151. When the husband is a lunatic, the wife may sue alone. *Carter vs. Carter*, 1 Paige, 463. 2. Henry Green was rightfully in possession of the land mentioned in the complaint, and owned and occupied a dwelling house thereon, claiming it as his homestead, and it was therefore exempted by sec. 28, chap. 34, R. S. Being a married

man he could not alienate the exempted property without the consent of his wife. Sec. 24 of same chapter. The assignment of the certificates, if valid, gave the assignee an interest in the lands (*Whitney vs. State Bank*, 7 Wis., 625), and the right of possession thereof, and was therefore an *alienation* of such lands. 1 Coke's Inst., 118; Dow's Rep., 210; Bouvier's Law Dic., Alienate. 3. Sec. 24 of chap. 134, R. S., was designed to secure a homestead to the wife during coverture, beyond the control of the husband or his creditors, and upon his death the enjoyment of the homestead by the widow during her life. The object of the statute is remedial. It is to protect the wife and children against such husbands as that of the plaintiff, and it should be liberally construed. *Hurd vs. Cass*, 9 Barb. S. C. R., 366; Broom's Legal Maxims, 147,150; opinion of HOLT, C. J., in *Ashby vs. White*, 2 Ld. Raymond, 938; 1 Smith's L. C., 105, and cases there cited; Dwarris on Stat., 677; Smith on Stat., 672. 4. The plaintiff has a right to the occupancy and enjoyment of the land in question, and, to protect her therein, has a right to the judgment demanded in the complaint. *Bonaparte vs. The Camden & Amboy R. R. Co.*, 1 Baldwin, 230–1, and cases there cited.

*By the Court*, COLE, J. We cannot understand upon what principle the complaint in this case can be sustained. The action is brought by the respondent, a married woman, by her next friend, for the purpose of having the appellant enjoined and restrained from selling or disposing of four school land certificates, which had been assigned to him by her husband, and to have the certificates assigned and delivered up to her. It is alleged that one of the forty acre tracts mentioned in the complaint and covered by one of the certificates, (but which one does not appear,) was, at the time the certificate was assigned, occupied by the husband and respondent and their family as a homestead, and that the same then was, and still is, the homestead, used for agricultural purposes. It is also alleged that the husband has abandoned his marital rights—has deserted his wife and infant children, and ceased to provide for their support; that he has

June Term, 1860.

GREEN.
v.
LYNDES.

July 30.

left the state and gone to Kansas or California to reside; that he has become an habitual drunkard, with a mind and memory impaired by dissipation; that the respondent and family are entirely dependent for their support upon the proceeds arising from the cultivation of the lands described in the complaint, and if deprived of the possession of such lands, they will be without a homestead, and destitute of all means of support. It is further stated that the wife did not join in the assignment of the certificates, and the complaint contains many other allegations not material to this discussion.

Now it is undeniable that the case presented by the complaint is one which appeals strongly to human sympathy, and excites a wish that it was within the power of human tribunals to relieve from such calamities. For we all admit that it is the duty of the husband and father to live with, comfort and support his wife and children, and that this duty is of the highest and most universal character. It is an obligation springing from the marital and parental relation, and one which the affections and feelings of our nature instinctively prompt us to recognize and observe. And yet there is no power in the courts to compel a husband and father to exercise the virtues of temperance and frugality, to make him live with and comfort his wife and children; and but little power to compel him to contribute to their support. Sometimes society, through its pauper system, seizes upon and appropriates the property of the husband and father to the support of the destitute wife and children; but the state is impotent to prevent a man from becoming a spendthrift and squandering his substance. In the present case, the respondent does not sue to recover her separate property. The action proceeds upon the theory that because her husband has deserted her and his infant children, she can therefore maintain this suit in her own name, to recover his property and set aside his contracts. At least three of the school land certificates mentioned in the complaint were under the absolute dominion and control of the husband. He could do with them as he saw fit. But it is said that the law of this state secures to the wife and family the possession of the home-

stead, and that therefore the assignment of the certificate embracing the homestead is void, because the wife did not join therein. Assuming that this is a correct proposition of law, and that the interest of a party under a school land certificate is such an ownership in the land embraced therein as brings it within the homestead exemption act, and that such certificate cannot be alienated or transferred by the husband without the signature of the wife to the same, does this view essentially change the merits of this case, and improve the right of the respondent to maintain this action? We cannot see that it does. For if, as the argument assumes, the assignment of the certificate embracing the homestead is void for want of the signature of the wife, then how can she possibly be injured by that assignment? The respondent remains in possession of the homestead and cannot be dispossessed thereof by the purchaser of that certificate. She can defend her possession against him, and possibly this is her real and only remedy, though upon this point it is not proper that we should express any decided opinion, as the question is not properly before us. But we are clear that the respondent does not show that she has such an interest or title, legal or equitable, in the certificates named in her complaint, as entitles her to have them reassigned and delivered up to her. Neither can she maintain the suit for the purpose of removing a cloud upon her title to the land. But the most favorable view which can be taken of the case for the respondent is, that the assignment of the certificate embracing the homestead is absolutely void, and, if so, how can she be injured by it? She may still hold possession of the homestead, and defend her possession, even as against the holder of that certificate, in whosesoever hands the same may be, and this is the utmost extent of her rights in the premises.

We therefore think the circuit court erred in overruling the demurrer to the complaint. The order overruling the demurrer is reversed, and the cause remanded for further proceedings according to law.