THOMAS W. JAMES

*v.*

SUSAN LANE and others.

Upon the application of the widow of a decedent and of the guardian of his minor children, and upon their promise to repay him out of the rents of the property, the complainant, in order to save the *real* property of the estate from a forced sale, advanced money sufficient to pay those creditors of the estate who had proved their claims. Afterwards, and upon their like solicitation and promise, he advanced further sums of money to pay interest on a mortgage on the property and to make necessary repairs. Only a small portion of such advances having been repaid, he demanded the balance of the guardian, who thereupon gave him a power of attorney to collect the rents and appropriate them in satisfaction of his claims, such power acknowledging that his debt was for money advanced for the benefit of the property, and to protect it from a public sale. He collected a small amount, and then the guardian,

James *v.* Lane.

without assigning any reason, refused to allow him to collect any more rent. The guardian filed an account in the orphans' court, but omitted complainant's claim therefrom, and an exception on that account by the complainant was dismissed. After demanding payment of the widow and guardian, complainant filed a bill against them for payment of his claim, and, if the assets should be insufficient, that the amount due or the deficiency might be charged on the lands. On demurrer—*Held* (the power of attorney being still in existence), that equity would aid complainant in obtaining payment of his debt by the collection of the rents under the power, until fully re-imbursed.

Bill for relief.	On general demurrer.

*Mr. H. P. Reilly,* for demurrants.

*Mr. J. N. Braden,* for complainant.

THE CHANCELLOR.

The complainant seeks to recover a sum of money, $569.74, lent and advanced by him to the defendant, Hugh P. Reilly, as guardian of the minor children of Joseph Lane, deceased, to protect their real estate from sale for the payment of the debts of their father (from whom it descended to them), to pay interest on a mortgage thereon, and to repair the property, &c. Lane, at his death, left a widow and the before-mentioned children. In

NOTE.—While a guardian may be liable for depreciation in the value of his ward's buildings (*Willis* v. *Fox, 25 Wis. 646; Irvine* v. *McDowell, 4 Mon. 629*); and may repair (*Green* v. *Winter, 1 Johns. Ch. 26; Hood* v. *Bridport, 11 Eng. L. & Eq. 271; Cornell* v. *Vanardsdalen, 4 Pa. St. 364*); ordinarily he has no authority to improve his ward's real estate (*Haggerty* v. *McCamna, 10 C. E. Gr. 48; Snodgrass's Appeal, 37 Pa. St. 377; Kearnes's Account, 1 Pa. St. 326; Lane* v. *Taylor, 40 Ind. 495; Bellinger* v. *Shafer, 2 Sandf. Ch. 293;* see *Jackson* v. *Jackson, 1 Gratt. 143; Newton* v. *Poole, 12 Leigh 112; Powell* v. *North, 3 Ind. 392; Este* v. *Strong, 2 Ohio 478; Bonsall's Case, 1 Rawle 266; McCracken* v. *McCracken, 6 Mon. 349*); and while he may be personally liable for the cost thereof (*Sperry* v. *Fanning, 80 Ill. 374; Findley* v. *Wilson, 3 Litt. 390;* see *Westbrook* v. *Comstock, Walk. Ch. 314; Robinson* v. *Hersey, 60 Me. 225*); the party erecting the structures has no lien therefor on the ward's lands (*Guy* v. *Du Uprey, 16 Cal. 195; Copley* v. *O'Niel, 57 Barb. 299, 39 How. Pr. 41; McCarty* v. *Carter, 49 Ill. 53; Payne* v. *Stone, 7 Sm. & Marsh. 367;* see *Davis* v.

James v. Lane.

February, 1875, letters of administration of his estate and guardianship of the children were granted to Frederick T. Farrier. A rule of the orphans court was made at that time, requiring the creditors of the estate to bring in their debts within a limited period, and a decree barring all who had not come in was made in November following. On a representation of insolvency, an order to sell the real estate of the intestate to pay debts was subsequently made, but in April, 1876, the administrator was, for some cause, restrained by the court from making the sale. The creditors, or some of them, threatening to proceed to obtain a sale of the property to pay their debts, the widow and Hugh P. Reilly, who in June, 1876, was appointed guardian in the place of Farrier, applied to the complainant and requested him to advance to the guardian the money necessary to pay the claims of the creditors who had proved their debts within the period limited by the before-mentioned rule, and so enable them to save the property from the inevitable sacrifice of a public sale in the then depressed condition of the real estate market. He consented and complied with their request, and accordingly advanced to the guardian the money requisite to pay the claims of the creditors, which amounted to $213.29 ; the guardian and the widow, whose dower had not and has not yet been assigned, agreeing to repay him out of the rents of the property on request. He afterwards, on the like solicitation of the widow and guardian, and on the

*Bradford, 24 Me. 349*) ; nor can the guardian be re-imbursed for advances by him for such purposes (*Hassan* v. *Rowe, 11 Barb. 22*) ; a guardian cannot mortgage his ward's lands (*Merritt* v. *Simpson, 41 Ill. 391 ; Tyson* v. *Latrobe, 42 Md. 325 ;* see *Mohr* v. *Tulip, 40 Wis. 66; Winborne* v. *White, 69 N. C. 253*) ; although if he purchase property mortgaged, he holds it for the benefit of the wards, subject, of course, to the encumbrance (*Smith* v. *Maxwell, 7 Mon. 602*) ; and has power to redeem it (*Marvin* v. *Schilling, 12 Mich. 356*) ; he may not obtain an order of sale for the mere purpose of paying off a mortgage on the premises (*Greenbaum* v. *Greenbaum, 81 Ill. 367 ;* see *Smith* v. *Sackett, 10 Ill. 534 ; Shinn* v. *Budd, 1 McCart. 234*).

In Louisiana, a mortgage given by a guardian on the ward's lands for the purpose of making repairs, paying taxes, and providing for the maintenance and education of the ward, is valid and a preferred claim (*Beauregard* v. *Leveau, 30 La. Ann. 302*).

In *Eastwood* v. *Kenyon, 11 A. & E. 438,* a guardian borrowed money of A,

James v. Lane.

like agreement for repayment, advanced more money, to the amount of $511.60, to make needed repairs upon the property, to pay interest on a mortgage thereon, and to make other payments which were necessary to be made to save the property from sale. They having repaid him only $75.15 of the money advanced, he, in March, 1878, demanded payment of the balance, $649.74, and the guardian gave him a power of attorney, authorizing him to collect the rents until he should be paid in full, and after paying taxes, insurance premiums and interest, and making necessary repairs, to apply the balance to the payment of his debt. To obtain this power of attorney he was compelled to advance $100 more (which he did on the like agreement for repayment), to put the property in tenantable order. The power of attorney acknowledges that his debt was for money advanced by him for the benefit of the property, and to protect it from sale. Under the power he collected $80, and then the guardian, without assigning any reason for so doing, refused to permit him to collect any more rent. Subsequently, the guardian filed his account, but it was silent as to the debt due the complainant. The latter excepted to it, thus seeking to obtain payment, but the exception was dismissed. The guardian and the widow refusing to pay him, he filed his bill to compel the guardian to pay his debt, and if the latter has not assets enough in his hands to do so, to charge the amount, or any deficiency which may exist after

which he expended in his ward's maintenance and education, in improving the ward's land, and in paying the interest on a mortgage thereon; the ward, when of age, approved such expenditures, and promised to pay A's note, and in fact paid one year's interest on it; the ward's husband, after his marriage, assented thereto, enjoyed the improved estate, and promised the guardian to pay the note.—*Held*, the husband was not liable, because no sufficient consideration for his promise was averred.

One advancing money to pay an intestate's debts, acquires no lien therefor on the lands in the hands of the heir (*Lieby* v. *Parks, 4 Ohio 469*).

Where A and B are the joint-owners of a house, and A had laid out in improvements thereon moneys he had obtained from B.—*Held*, that B had no lien on the house for the amount (*Kay* v. *Johnston, 21 Beav. 536 ; Curtiss* v. *White, Clarke 389*).

The fact that one furnished the money with which grain was purchased, would give him no specific lien thereon (*Hodges* v. *Kimball, 49 Iowa 577*).

James *v.* Lane.

applying such assets, on the real estate. The defendants have filed a general demurrer. That the complainant ought in equity to have satisfaction for his claim out of the estate, there is no room to doubt. He has, according to the bill, advanced the money necessary to save the property to the widow and children. So signal a service ought not to have been requited by a denial of repayment, and the complainant should have justice here. The old case of *Hooper* v. *Eyles, 2 Vern. 480,* is cited by the demurrants. There, an infant had an estate subject to a money charge, and the money being called for and his guardian being unable to pay it, the guardian borrowed it from the complainant and paid off the encumbrance, and promised to give the complainant a security for the advance, but died before she had done so. The complainant sought to obtain satisfaction of his debt out of the infant's property by subrogation to the rights of the encumbrancer, but that was denied, on the ground that there was no contract or agreement to charge the money on the land, and, therefore, the money could not be followed, nor the land be charged with it. The court, however, did not deny all relief; but it appearing that the guardian had distributed more than she had received out of the infant's estate, an account was ordered, with direction to raise any amount which should appear to be due to the guardian out of the infant's estate, and apply it to the payment of the complainant's debt. In this court, in *Haggerty* v. *McCanna, 10 C. E. Gr. 48,* the amount of a mortgage on an infant's land paid off by a stepfather, was, under the circumstances, charged on the land. In this case, the bill alleges in substance that the money was advanced on the faith of an agreement that it should be repaid out of the rents and profits of the real estate to save which it was borrowed. Also, that a

---

One who advances money as a loan, although made expressly for the payment of materials and labor in the erection of a building, can have no claim to the benefit of a mechanics' lien thereon (*Godeffroy* v. *Caldwell, 2 Cal. 489 ; Gaylord* v. *Loughridge, 50 Tex. 573 ; Cairo R. R.* v. *Fackney, 78 Ill. 116 ; Dart* v. *Mayhew, 60 Ga. 105 ; McCullough* v. *Kibler, 5 Rich.* (*N. S.*) *468 ; Weathersby* v. *Sleeper, 42 Miss. 732 ;* see also *Lee* v. *Muggridge, 1 V. & B. 118, 5 Taunt. 36 ; Hemphill* v. *McClimans, 24 Pa. St. 367 ; Iaege* v. *Boisseux, 15 Gratt. 83.*)

James *v.* Lane.

power of attorney was accordingly given to the complainant, authorizing and empowering him to collect the rents for the payment of his debt until the debt should have been fully satisfied. It was and is inequitable in the guardian to prevent (for such is, substantially, the statement of the bill in that respect) the collection of rent under the power before payment of the debt in full, and this court will, under the circumstances at least (and it is not necessary now to go further), aid the complainant in obtaining satisfaction of his claim for advances out of the rents. The advances were evidently made on the security of the pledge of the rents. The power of attorney, which is still in existence, was given in pursuance of the agreement to pay the debt out of the rents. The collection of the rents has been interfered with and prevented by the guardian, and he and the widow (she is now married to him) refuse to pay the complainant. The estate has had the benefit of the advances. They were its salvation.

The demurrer will be overruled.