## DAVENPORT V. BUCHANAN, *et al.*

1. A parol contract entered into between B. and D., by which they mutually agree to jointly purchase certain real property, and to contribute and pay an equal amount therefor, and to share equally in the profit or loss arising from a resale, is not an agreement for the sale of real property contemplated by section 3544 of the Compiled Laws, which requires the same, or some memorandum or note thereof, to be in writing, and subscribed by the party to be charged; but the same is *held* to be an agreement in the nature of a special partnership, for the purpose of dealing in a particular piece of real estate, and not within the statute of frauds.

2. The relation thus established, being of a fiduciary character, imposes upon each the duty of fair and open dealing with the other, and each has a right to rely explicitly upon the statements of the other concerning all matters pertaining to their business relations; and, when one knowingly procures money from the other by wrongfully representing that the purchase price of the land is greater than was in fact required, the other is entitled to recover therefor, although, upon inquiry, he might have learned that such representations were false.

3. In the absence of an additional or amended abstract, it is presumed that all the evidence regarded essential to a determination of the questions presented is contained in the bill of exceptions, or statement of the case formulated by and included in appellant's abstract.

(Syllabus by the Court. Opinion filed Dec. 15, 1894.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action for damages for false representations. Judgment was rendered for defendants, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*U. S. G. Cherry,* for appellant.

The real party in interest in a fraudulent transaction upon whom a fraud has been perpetrated is the only person entitled to recover. Hewitt v. Young, 47 N. W. 1084; Techout v. Van Hoesen, 40 N. W. 96; Pennybacker v. Leony 21 N. W. 575; Williams v. Sheldon, 28 N. W. 115; Bowen v. Billings, 14 N. W. 152.

*H. H. Keith,* for respondent.

It is a well settled rule that a person who undertakes to act for another in any matter shall not in the same matter act for himself.   Dutton v. Willuev, 52 N. Y. 318.   A contract void under the statute of frauds cannot be used for any purpose whatever or made the basis of a legal obligation.   Scott v. Bush, 26 Mich. 418; Chamberlain v. Dow, 10 Mich. 319; Hall v. Soule, 11 Mich. 410; Holland v. Hoyt, 14 Id. 238; Grunes v. Van Vetchen, 20 Id. 410; Sutton v. Rowlev, 6 N W. 216; Erben v. Lorillard, 19 N. Y. 299; Dung v. Parker, 52 N. Y. 494.   A party cannot recover damages for false representations where the facts are open to him for investigation.   Long v. Warren, 68 N. Y. 426; Bell v. Byerson, 11 Ia. 233; Saunders v. Hatterman, 37 Am. Dec. 404; Dugan v. Cureton, 31 Am. Dec. 727.

FULLER, J.   To recover damages alleged to to have been sustained by the false and fraudulent representation of defendant, and in support of the allegations of fraud relied upon and set up in his complaint, plaintiff testified, in effect, before the jury, and in his own behalf, at the trial:   That prior to the transaction mentioned in his complaint, and for a number of years, he had known the defendant Mr. Buchanan, who was a dealer in real estate, and had frequently done business with him. That about the 1st of March, 1889, Mr. Buchanan came to the office of plaintiff, and told him that he was holding for sale, on commission, a piece of property that he regarded too cheap to sell, and was wondering if it would not be a good thing to buy it, and asked plaintiff to go down with him to look at the property, and see what he thought about it.   That defendant said nothing, at the time of their first visit to the property, about their going into a deal to purchase the same jointly, but witness thought that defendant at that time informed him that the property could be bought for $3,500.   That subsequently they visited the property, and at that time defendant informed plaintiff that the property could be bought for $3,300; and in accordance with an express understanding between plaintiff and de-

fendant that $3,300 was the net price that they would have to pay for the property, and that the owner would accept nothing less, and that there was no commission in the transaction, at that price, for the defendant, but that $3,300 was just exactly what the property would cost them, they entered into an agreement between themselves to purchase and own the property together, upon the following terms: $1,300 cash and $2,000 on time, secured by a mortgage on the property,—plaintiff agreeing to loan defendant money with which to make his part of the cash payment, and to take his note for $650 in settlement therefor, due six months after date. On receipt of the note plaintiff paid defendant $1,300 with which to make their cash payment. That it was understood at the time, between the parties, that witness was going into the deal personally, and that none but plaintiff and defendant were to have an interest in the property purchased. After the purchase of the property and the execution of the notes and mortgages securing deferred payments, plaintiff seems to have become supicious regarding the good faith of defendant, concerning which he testified as follows: ''I had some query in my mind as to whether the matter was all straight. I went to Mr. Buchanan, and demanded of him to know what the price of this property was,— what he paid Mr. Sherman,—and he told me he paid $3,300. That is all I remember of that conversation with Mr. Buchanan, —that he told me it was $3,300 he paid. After that time I went to Mr. Buchanan again, and charged him with the fact that it was not $3,300, but $3,050, and demanded payment of the difference; and Mr. Buchanan said to me that if I would keep my mouth in less action, and do less talking about it, he was willing to settle up, but otherwise he would not do it." A. E. Sherman, the owner and grantor of the property, testified, in substance, and among other things, that he listed the property and placed the same with the defendant for sale at $3,300, out of which the defendant was to receive a commission of $250; that his conversation concerning the property was at all times

with Mr. Buchanan; and that he received from him $1,050 and the notes and mortgages for $2,000 in full consideration and compensation for the property. It further appears that defendant Buchanan, by whom all negotations with Mr. Sherman were carried on an consummated, procured the deed to be executed to one Frank E. Putman, for whom the plaintiff was an attorney in fact, and, by virture of such power of attorney, plaintiff executed, in the name of Frank E. Putman, the notes and mortgage for $2,000, which were by the defendant delivered to Mr. Sherman at the time he made the cash payment of $1,050. Although it does not appear by direct evidence that there was an agreement between plaintiff and defendant to have the deed executed to Frank E. Putman, there are circumstances before us justifying a reasonable inference to that effect; and a memorandum signed "Frank E. Putman, by H. J. Davenport, his Attorney in Fact," was offered in evidence, containing a recital that Frank E. Putman holds the legal title to the property for plaintiff and defendant, and that he shall not sell or convey the same, or any part thereof, without their consent. The trial was to a jury; and at the conclusion of plaintiff's evidence, and over his objection, the court sustained a motion to dismiss the case, on the ground that plaintiff had failed to establish any of the alleged false and fraudulent representations whereby he was induced to part with certain money, and on the further ground that the undisputed evidence shows that plaintiff is not the real party in interest. From a judgment accordingly entered, in which the costs were taxed at $29.80 against the plaintiff, and in favor of defendant, and from an order overruling a motion for a new trial, plaintiff appeals.

In Holt v. Van Eps, 1 Dak. 206, 46 N. W. 689, the supreme court of the territory held that a plaintiff has a right to have his case submitted to a jury, and that a compulsory nonsuit cannot be ordered, in any event, against his will; but as the particular point was not specifically raised at the trial, and is discussed only in a general way in the briefs before us, the

question will receive no consideration, and the ruling of the court will be treated according to its apparent effect, and as though a verdict had been directed for defendant and a judgment for costs against plaintiff entered thereon. It is contended by counsel for respondent that the question of the insufficiency of the evidence to justify the decision cannot be considered because appellant's abstract fails to show that all the evidence given at the trial is included therein, or contained in the settled bill of exceptions; but, in the absence of an additional or amended abstract, it will be presumed that all the evidence regarded as essential to a determination of the appeal is properly before us. Randall v. Burke Tp. (S. D.) 57 N. W. 4.

We have only presented evidence admitted without objection, which was undisputed, and, in our opinion, sufficient to go to the jury; and we deem it unnecessary to consider appellant's numerous assignments of error pertaining to the rulings of the court in sustaining defendant's objections to questions propounded to plaintiff relative to certain exhibits offered in evidence, which were cumulative, and tended only to show some of the unimportant details of the transaction between the parties. The contention of counsel for respondent is, and the apparent theory upon which the court dismissed the case was, that the contract between plaintiff and defendant, being for the sale of real property, and the same, or some memorandum thereof, not being in writing and signed by the party to be charged, was void under section 3544 of the Compiled Laws, which relates to contracts for the sale of real property. In our opinion, the statute has no application to an arrangement between two persons to become special partners in the purchase of certain real property for the purpose of speculation, under an agreement that each shall pay an equal amount of the purchase price, and share equally in the profits arising from future sales, less a certain per cent. in the way of commission, to the partner finding a purchaser. No agreement for the sale of real property, or for the creation of an interest therein, or a

transfer thereof from one of the parties to the other, was con-
templated, but the evident object of each was to fix the terms
of a copartnership agreement, by which their subsequent trans-
actions in relation to the joint purchase and sale of the real
property described in the complaint would be governed; and to
declare such a contract invalid because not written, and to hold
that one of the parties thereto, in violation of the good faith
by which the acts of one toward the other must be character-
ized, may, with impunity, violate the terms of such contract,
and, by fraudulent and false representations concerning the
purchase price of the property, obtain and keep, as alleged in
the complaint, money belonging to the other, would require us
to construe a statute designed to prevent frauds into a double
and keen edged instrument of fraud. We therefore conclude
that a contract like the present agreement between plaintiff
and defendant may be oral, and its terms may be established by
parol evidence, when the same become material, in an action to
recover money alleged to have been fraudulently obtaintd there-
under by one partner from the other. Bates v. Babcock, 95
Cal. 479, 30 Pac. 605; Pennybacker v. Leary (Iowa) 21 N. W.
575; Flower v. Barnekoff, 20 Or. 132, 25 Pac. 370; Treat v.
Hiles, 68 Wis. 344, 32 N. W. 517; Richards v. Grinnell, 63 Iowa,
44, 18 N. W. 688; Newall v. Cochran, 41 Minn. 374, 43 N. W.
84; Holmes v. McCray, 51 Ind. 358; King v. Barnes, 109 N. Y.
267, 16 N. E. 332; Wallace v. Carpenter, 85 Ill. 590.

Nor does the fact that the title to the property was nomi-
ally placed, by the mutual consent of plaintiff and defendant,
in Frank E. Putnam, preclude plaintiff, who appears to be the
real party in interest, from maintaining an action to recover
money which he claims was procured from him by the false
and fraudulent representations of defendant, and which was
never used in the purchase of said property, but was wrong-
fully kept by, and appropriated to the use and benefit of, the
defendant; and, for the purposes of this action, we need not in-
quire whether a valid trust was or was not thereby created in
the manner required by section 2795 of the Compiled Laws,

Counsel's contention that plaintiff cannot recover, although defendant induced him to believe that they were paying $3,300 for the property, when in fact it cost but $3,050; and by false and fraudulent representations, procured money from plaintiff to which he was not entitled, because plaintiff had an opportunity to inquire and ascertain that the statements of defendant were false, cannot be entertained, within the relation that existed between the parties to this suit.   Each had the utmost right to rely explicitly upon the · statements of the other concerning all matters pertaining to their business relations, and, in a case not calling for so vigorous an application of the rule, this court has declared that "a person deceived by the fraudulent misstatements of another owes him no duty of active vigilance in the discovery of the fact that they were false."   Bank v. Taylor (S. D.) 58 N. W. 297.

As the case stood at the close of the testimony, there were facts and circumstances in the evidence for the consideration of the jury; and the judgment of dismissal and for costs is reversed, and a new trial is ordered.