[No. 14188.   Department Two. — August 31, 1891.]

## SAN DIEGO LUMBER COMPANY, APPELLANT, v. W. D. WOOLDREDGE ET AL., RESPONDENTS.

MECHANIC'S LIEN — NOTICE OF CLAIM — REFERENCE TO RECORDED CONTRACT. — A notice of lien of a material-man which refers to the contract between the contractor and the owner of the building for the terms of making payments to the material-man, which were to be made at the time when payments become due the contractor, is not invalidated because it does not repeat the provisions of the contract on that subject, where the contract, being for more than one thousand dollars, has been duly recorded, and the terms of payment can be ascertained therefrom.

ID. — VALIDITY OF RECORDED CONTRACT — DESCRIPTION OF PROPERTY. — A recorded contract between a contractor and the owner of a building to be erected for a price of more than one thousand dollars is not required by the statute to contain a description of the property to be affected thereby, and a failure to insert the description will not invalidate it.

ID. — TIME OF FINAL PAYMENT. — The statutes of this state do not make a building contract void upon any other default than a failure to record it, if the price is more than one thousand dollars; and it is not rendered void by the fact that the final payment is to become due thirty days after the completion of the building, instead of thirty-five days thereafter, as required by section 1183 of the Code of Civil Procedure.

ID. — NON-CONFORMITY OF VALID CONTRACT WITH STATUTE — RIGHTS OF LIENORS — PENALTY — IMMATERIAL VARIANCE. — Although, in case of a material non-conformity of a building contract with the statute in particulars not rendering it void, material-men and laborers may recover the amount of their liens from the owner of the building, irrespective of the amount due under the contract, yet this is in the nature of a penalty, which every reasonable intendment must be made to avoid; and the substitution of thirty days after the completion of the building, instead of thirty-five days, for the time of the final payment is not such a substantial non-conformity with the statute as will impose such liability upon the owner.

ID. — VERIFICATION OF CLAIM OF LIEN — UNFILLED BLANK — NAME OF AFFIANT. — A claim of lien was subscribed "Williams & Whitmore," and immediately following the signature was a verification which commenced thus: "——, being duly sworn, deposes and says that he is one of the persons named as Williams & Whitmore in the foregoing claim of lien," etc., and which was signed by "A. C. Williams," and attested as having been subscribed and sworn to before an authorized officer. *Held*, that the verification shows who was sworn, and is sufficient.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wellborn, Stevens & Wellborn,* for Appellant.

The plaintiff's notice of lien contained a correct statement of all the matters required by law to be therein set forth. (Code Civ. Proc., sec. 1187.) The mechanic's lien law is to be liberally construed, especially in regard to the notice of lien. (*Malone* v. *Big Flat G. M. Co.,* 76 Cal. 578.) The notice of lien need state only the express terms of the contract. (See *Hills* v. *Ohlig,* 63 Cal. 104; *Jewell* v. *McKay,* 82 Cal. 144.) The reference in the notice of lien to the contract was a substantial compliance with the law, and a substantial compliance is all that is required. (*Russ Lumber and Mill Co.* v. *Garrettson,* 87 Cal. 589.) The plaintiff should be allowed the full amount claimed, as the contract is invalid, because it does not contain a correct, or any, description of the premises. (Code Civ. Proc., sec. 1183.) The contract is invalid, for the further reason that it does not provide that twenty-five per cent of the contract price shall be payable thirty-five days after the completion of the contract. (Code Civ. Proc., sec. 1184.) The contract being void, it does not measure the extent of the amount plaintiff may recover. (*Southern California Lumber Co.* v. *Schmitt,* 74 Cal. 625; *Kellogg* v. *Howes,* 81 Cal. 178.) The lien of Williams & Whitmore was defective, as there was no evidence that the same had ever been verified as required by law. The lien must be verified, and a certificate thereof attached. (*Southern California Lumber Co.* v. *Schmitt,* 74 Cal. 625.)

*David L. Withington,* for Respondent Wooldredge.

The notice of lien does not contain a sufficient statement of the terms, time given, and conditions of the contract. The rights of the material-men should be ascertained by reference to the liens as filed. (*Goss* v. *Strelitz,* 54 Cal. 640. See *Malone* v. *Big Flat G. M. Co.,*

76 Cal. 578; *Jewell* v. *McKay*, 82 Cal. 144–151.) No description of the property was required to be put in the contract. (Act of March 18, 1885, and amendment of 1887.) The courts of this state have been very liberal in the matter of liens, in reference to the description necessary, and a description by name has been repeatedly held sufficient. (*Tredinnick* v. *Mining Co.*, 72 Cal. 78, and cases cited.) The legislature not having declared the contract void, there can be no lien for more than the contract price; but the legislature having provided that payment shall not be made before a certain time, the lienor is entitled to a lien, not under the terms of the contract, but by virtue of the provisions of the statute, and to the extent of the amount which would be due in accordance with its provisions. (*Kellogg* v. *Howes*, 81 Cal. 170, and cases cited.)

*George W. Hardacre*, for Respondents Williams & Whitmore.

The certificate of the magistrate shows that the lien was subscribed and sworn to before him. This can have reference to but two subscriptions, either the subscription of Williams & Whitmore to the claim of lien itself, or to the subscription of A. C. Williams to the affidavit attached thereto. If it refers to the first, it is a sufficient verification. (*Woods* v. *Varnum*, 85 Cal. 644; *Fortenheim* v. *Claflin*, 47 Ark. 49.) If it refers to the subscription to the affidavit, that, too, is sufficient. (Jones on Liens, sec. 1452; *Deatherage* v. *Woods*, 37 Kan. 59.) The fact that A. C. Williams's name is omitted from the body of the affidavit is of no materiality. (*Rudolf* v. *McDonald*, 6 Neb. 163.)

TEMPLE, C. — This action is to forclose a lien for materials furnished defendant Smith, as contractor, for building a house for defendant Wooldredge. The other defendants were lienors.

Williams & Whitmore were the only lien claimants who answered.

The contract price for the building was $1,945, all of which had been paid except $505. Plaintiff's demand was for $748.86.

Williams & Whitmore recovered judgment for $145.50, and $50 as an attorney's fee.

On the trial, various objections were made to plaintiff's notice of lien, all of which, however, are only modifications of the general one, "that it contains no sufficient statement of the terms, time given, and conditions of the contract" under which the materials were furnished. The objection was sustained, and subsequently a nonsuit was granted as to defendant Wooldredge. Exceptions were duly taken, and the case comes here on an appeal from the judgment and an order refusing a new trial.

The material portion of the notice of lien is as follows: "The said San Diego Lumber Company agrees to furnish said lumber and building material to said Smith to be used in the construction of said building upon said real property, and deliver the same at Escondido, in said county; and the said Smith agrees to pay therefor the sum of $833.86, the same to be paid in partial payments (the amounts of which were not fixed), at the time when payments became due said Smith under said contract between him and said Wooldredge, provided that full payment for all materials furnished as aforesaid was to be made when the final payment became due said Smith from said Wooldredge under said contract between them." The trouble is, that it refers to the contract between the contractor and Wooldredge for the terms of making payments, and does not repeat the provisions of the contract on that subject.

The contract, being for more than one thousand dollars, was duly filed in the recorder's office of the county, and all parties interested could there readily ascertain

XC. CAL.—37

what the contract had provided upon the subject. Referring to that contract, we find payments by installments explicitly stipulated. But the notice of lien states that the amount of partial payments was not fixed. Upon this contract, the plaintiff could not insist upon any specific sums being paid until the final payment became due, upon the completion of the contract, when all became due. This seems a sufficient compliance with the statute, and we think the claim should have been received in evidence.

Plaintiffs contend that their recovery should not be limited to the balance unpaid on the contract, because they say the contract is void, — 1. Because it contains no description of the property to be affected thereby; to which it is sufficient answer that the statute contains no such requirement; and 2. It makes the final payment of twenty five per cent due thirty days after final completion of the contract, when the code provides that twenty-five per cent of the contract price shall be payable at least *thirty-five* days after the final completion of the contract.

Section 1183 of the Code of Civil Procedure makes the contract void if the amount exceeds one thousand dollars, unless it be in writing, subscribed by the parties thereto, and filed in the office of the county recorder of the county. All this was done, and upon no other default does the statute declare the contract void. But the same consequence follows for a material non-conformity of the contract with the statute, under section 1184 of the Code of Civil Procedure, so far as to permit material-men and laborers to recover without regard to the amount due upon the contract.

After stating what the contract shall contain, it proceeds: " In case such contracts and alterations thereof do not conform substantially to the provisions of this section, the labor done and the materials furnished, by all persons except the contractor, shall be deemed to have

been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof."

This section as amended in 1885 declared all such contracts and alterations void. In 1887, that provision was stricken out; but although the contract is not rendered void, lienors may recover irrespective of the amount due the contractor, and upon a contract which shall be deemed to have been made at the personal instance and request of the person contracting with the contractor, and for the value of the labor or materials.

But is there such a substantial non-conformity with the requirements of the code as will justify a judgment against the owner to pay again a debt which he has already paid in good faith upon his contract? In determining this question, it must be kept in mind that this is a penalty, and not a statutory mode of acquiring a right against another, as in the case of a claim of lien. In the latter case, although the rule has been somewhat relaxed in favor of liens under this chapter, very great strictness of performance is generally exacted, but every reasonable intendment is indulged to avoid a penalty.

The plaintiff has not been injured, nor can we see how any lienor could be, by the fact that the final payment became due in thirty rather than thirty-five days. Their liens must be filed within thirty days, and attach before this payment could legally be made under this contract. As they are in as good a position as they would have been had the time been thirty-five days, I think the penalty has not been incurred.

There being due only about one half enough to pay the two liens, plaintiff objects to the notice of lien on the part of Williams & Whitmore, on the ground that it was not verified. The objection was overruled, and the ruling is complained of here. The claim of lien is subscribed "Williams & Whitmore," and immediately fol-

lowing this signature is what is claimed as a verification, as follows: —

" State of California, County of San Diego, ss.

" ———, being duly sworn, deposes and says that he is one of the persons named as Williams & Whitmore in the foregoing claim of lien; that he has read the same and knows the contents thereof, and that the same is true, and that it contains, among other things, a correct statement of their demand, after deducting all just credits and offsets.    A. C. WILLIAMS.

" Subscribed and sworn to before me this second day of February, 1887.    W. R. HAWTHORNE,
                                " Justice of the Peace."

It is contended that this does not show who was sworn, but I cannot subscribe to that view.    Evidently, some one who in the notice of lien was named Williams or Whitmore was sworn, as appears from the body of the verification, and the signature and certificate of the magistrate fix the matter beyond question.    The blank is not more indefinite than the word " affiant" would have been.    The verification is sufficient.

The judgment against the plaintiff, and also the order denying its motion for a new trial, should be reversed, and a new trial had.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.