# STIMSON MILL CO. v RILEY et al.[*]

## L. A. No. 3; December 20, 1895.

### 42 Pac. 1072.

**Mechanics' Liens.—The Fact That the Building Contract**, in providing for the payments, retains, until thirty-five days after the completion of the work, slightly less than the twenty-five per cent of the contract price required by statute, does not render the owner personally liable for all labor and materials furnished, especially when more than twenty-five per cent was in fact actually retained.

**Mechanics' Liens.—When the Building Contract Provides for** payments as the work progresses, payments made when the work has been substantially finished to the required stages cannot be consid-

[*]Rehearing denied.

ered premature, so as to subject the owner to liability to materialmen to the additional extent of the payments so made.

**Bond—Necessity of All Parties Signing.**—Where a bond is in form joint and several, the failure of all the parties named in the instrument as obligors to sign the bond does not render it void.

**Mechanics' Liens.**—An Allowance of Attorneys' Fees in an action to enforce mechanics' liens will not be set aside as insufficient unless clearly unreasonable.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Actions by the Stimson Mill Company, a corporation, and by one Duncan, against Spurgeon V. Riley and others. The cases were consolidated, and from the judgment plaintiff the Stimson Mill Company appeals. Affirmed.

H. A. Barclay for appellant; D. K. Trask and E. C. Bower for respondent.

BELCHER, C.—This action was instituted to foreclose twelve liens for labor and materials furnished and used in the construction of a house for the defendant Riley, the several claims, including costs of recording, aggregating in amount the sum of $1,728.86. One of the said liens was for materials furnished by the plaintiff, and the others were duly assigned to the plaintiff. One Duncan also commenced an action to foreclose a lien for labor done by him on the building, of the value of $25, and the two actions were consolidated and tried together. The contract, under which the building was constructed, was executed by Riley, as owner, and J. H. Cummins, as contractor, on October 10, 1893, and was duly recorded. It provided that Cummins should do all the work and furnish all the materials necessary to complete the building according to the plans and specifications made by Charles W. Davis, architect, for the sum of $2,180. It further provides that the payments, so far as need be stated here, should be made as follows: (4) When ready for plastering, $250; (5) when first coat of plastering is finished, $250; (6) when white coat of plastering is finished, $250; (7) when whole work completed and accepted by architect, $300; balance, $530, usual thirty-five days, "provided, that in each of the said cases a certificate be obtained and signed by the said Chas. W. Davis that he has done his work so far as done to his satisfac-

tion, and also a statement of the value of the work so done by him.'' Accompanying the contract was a bond, as required by section 1203 of the Code of Civil Procedure, which was signed by S. C. Dodge, one of plaintiff's assignors, and R. A. Buchanan, but not by Cummins. It reads: ''Know all men by these presents, that we, the undersigned, .... do hereby jointly and severally guarantee the faithful performance of the above contract, and the delivery of the said building to Spurgeon Riley, Esq., free from all liens that may be filed against the contractor on the above contract, not exceeding the sum of five hundred and forty-five dollars, that may accrue against him by reason of the nonfulfillment of the said contract by the said J. H. Cummins, the contractor aforesaid. We further agree that he will pay all his subcontractors, laborers, and materialmen all of the moneys that may become due them by reason of labor or materials under this contract. We hereby guarantee to them the payment in full of all their claims, and hold ourselves responsible to them in the sum of five hundred and forty-five dollars, or so much as may be necessary of the said sum to pay them in full of all labor and materials furnished for said building, exclusive of the contract price of the same.'' It is alleged in the complaint, among other things, that at least twenty-five per cent of the whole contract price was not, by the terms of the contract, made payable at least thirty-five days after the final completion of the contract; that the first, fourth, fifth, and sixth payments were made by Riley to Cummins before they became due according to the terms of the contract; and that $750 is a reasonable sum to be allowed plaintiff as attorneys' fees in the action. Wherefore plaintiff prayed judgment against the defendant Cummins for the several sums specified, aggregating $1,728.86; that it be allowed an attorney's fee in the sum of $750; and that the said several sums be adjudged and decreed to be liens upon the land and building described, and that the same be sold, and the proceeds applied, etc. Cummins suffered his default to be entered. Riley appeared and answered. The answer set out the contract and accompanying bond and the work done thereunder. It denied that any payment was made before it became due, and alleged that each and every payment was made upon the certificate of the architect as provided by the contract. It also denied the right of the plaintiff to recover on the lien of S. C. Dodge, for the

reason that Dodge was estopped from claiming or maintaining any lien against said building by the covenants of the said bond, whereby he obligated himself that the contractor would complete his contract according to its terms, and deliver the house to defendant free of liens and charges. It also admitted that there was still in defendant's hands money due and unpaid under the contract amounting to the sum of $870; and it asked that an order be made permitting the defendant to deposit the said sum in court, subject to the further direction of the court. The case was tried, and the court found, in effect, that the said contract was a valid and binding contract between the parties; that the first payment of $150 was made before the same became due; that the fourth, fifth and sixth payments were not made before the same became due; that plaintiff was not entitled to recover anything upon the cause of action assigned to it by S. C. Dodge, except as against the defendant Cummins; that $25 was a reasonable sum to be allowed Duncan as an attorney's fee, and $75 was a reasonable sum to be allowed plaintiff as an attorney's fee; that Duncan and the plaintiff were each entitled to recover of the defendant Cummins the amount of their respective liens, together with their costs and attorneys' fees as aforesaid, and interest as prayed for, and were entitled to recover of the defendant Riley the sum of $1,020, being the $870 which was deposited in court and the $150 which was prematurely paid, and also the cost of verifying and recording their liens and their attorneys' fees and costs of suit, which said several sums were declared to be liens on the land and building described. In accordance with the findings a judgment and decree of foreclosure was entered, from which, and from an order denying its motion for a new trial, the plaintiff Stimson Mill Company appeals.

The principal points made for a reversal are: (1) That the court erred in deciding that the contract was valid and binding, when, by its terms, twenty-five per cent of the whole contract price was not made payable at least thirty-five days after the final completion of the contract. (2) That the court erred in deciding that the fourth, fifth and sixth payments were not made before they became due. (3) That the court erred in deciding that the plaintiff was not entitled to enforce the lien for the claim of S. C. Dodge. (4) That the court erred in allowing plaintiff only $75 as an attorney's fee.

As to the first point: It appears that the sum reserved for the last payment was $15 less than twenty-five per cent of the whole contract price. The statute (Code Civ. Proc., sec. 1184) provides that the contract price shall be made payable in installments, or on the completion of the work, "provided, that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract"; and that, "in case such contracts and alterations thereof do not conform substantially to the provisions of this section, the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof." It will be observed that this section does not declare the contract void in case it fails to conform substantially to its provisions, but only imposes a penalty upon the owner by making him personally liable, and his improved property subject to liens, for the labor and materials done and furnished; and it was so held in San Diego Lumber Co. v. Wooldredge, 90 Cal. 574, 27 Pac. 431. In that case the contract made the last payment due thirty days after the final completion of the contract, and not thirty-five days, as required; and it was held that the plaintiff was not injured by the nonconformity, and the penalty had not been incurred; the court saying that in such cases "every reasonable intendment is indulged to avoid a penalty." So in Yancy v. Morton, 94 Cal. 558, 29 Pac. 1111, the contract provided that thirty-five days after the completion of the building twenty-five per cent of the contract price should be paid, "provided that payment may be made at any time between the date of completion and the said thirty-five days, in case said contractors show receipts and give special bonds that all bills will be paid, and that no liens or other claims exist against said premises; such payment to be optional with the owner." It was held that this was in substantial conformity with the requirement of the code, and was sufficient. In this case it would seem that the parties to the contract intended to have twenty-five per cent of the whole contract price reserved for thirty-five days after the completion of the building, and that the failure to do so arose unintentionally from some mistake of figures in apportioning the amounts of the several installments to be paid earlier. This is shown by the contract,

which expressly provides that the money is to be paid "in the manner following, that is to say: seventy-five per cent of said sum of two thousand one hundred and eighty dollars as said work progresses, and in sums proportionate to the value of the work done from time to time by said second party in sums as follows." The court below was of the opinion that the contract was in substantial compliance with the requirements of the statute, and that the deficiency of $15 was so trivial that, in view of the whole amount of the last payment, and the consequences to the owner if it is held not to be a substantial compliance, the maxim, "De minimis non curat lex," should be applied. It is a settled rule that courts of equity are always reluctant to enforce penalties, and every reasonable intendment is indulged to avoid them. Here it clearly appears that the appellant was in no way injured by the small deficiency in the amount reserved for the last payment, since much more than twenty-five per cent of the contract price was in fact reserved and paid into court for the use and benefit of the lien claimants. Under these circumstances we think the decision of the court below upon this point was right, and that it should be upheld.

As to the second point: The house constructed under the contract had a bath-room, which was seven by twelve feet in size and twelve feet in height. It was wainscoted up five feet from the floor, and had a window and door and transom over the door. At the times when the three payments complained of were made the bath-room was not entirely lathed or plastered, but it was partially lathed when the fourth payment was made, and partially plastered when the fifth and sixth payments were made. It was proved that it would take one man five or six hours to complete the lathing and plastering. Mr. Davis, the architect, testified: "I issued an architect's certificate for each payment that was made on this building before the payment was made, upon my own authority, as the architect of the building. At the time of issuing each certificate I personally examined the building, and know that the building was at each time completed to the stage authorizing the payment to be made." There is no pretense that the certificates were obtained by fraud or collusion, but it is claimed that, because the bath-room was not fully lathed and plastered when the payments were made, the owner should be subjected to the penalty of paying the money—$750—a second time.

Here, again, it appears that the defect relied on was trivial, and that to sustain appellant's claim would work out an injustice and wrong, which should be avoided, if possible. In section 1187 of the Code of Civil Procedure, it is provided that every person save the original contractor, claiming the benefit of the chapter in regard to liens, must file his claim of lien within thirty days after the completion of any building, improvement or structure, or after the completion of the alteration, addition to, or repair thereof, and that "any trivial imperfection in the said work, or in the construction of any building, improvement or structure, or the alteration, addition to or repair thereof, shall not be deemed such a lack of completion as to prevent the filing of any lien." The rule thus declared as to the filing of liens should, we think, in reason and equity, be applied to the payment of the installments of the contract money. All that the law requires is a substantial compliance with the terms of the contract and good faith on the part of the owner. It must follow, therefore, that the court properly found that the fourth, fifth, and sixth payments were not prematurely made.

As to the third point: It is claimed for appellant that the bond executed by Davis was void, because not signed by Cummins, and in support of this position Sacramento v. Dunlap, 14 Cal. 421, and People v. Hartley, 21 Cal. 585, 82 Am. Dec. 758, are cited. The cases cited are not in point. In each of those cases the bond sued upon was in form the joint bond of the principal and sureties, and not joint and several, and was signed only by the sureties. It was held that under such circumstances no recovery could be had on the bond. And see Weir v. Mead, 101 Cal. 125, 40 Am. St. Rep. 46, 35 Pac. 567, where the authorities upon the subject are reviewed. Here the bond in question was in form joint and several, and in Kurtz v. Forquer, 94 Cal. 91, 29 Pac. 413, a similar bond, which was executed for a like purpose, was held valid and binding. Whether the execution of the bond by Dodge should be held to operate as an estoppel against him and his assignee from enforcing his claim against Riley, it is unnecessary to determine. The claim was assigned to and was owned by the plaintiff, and judgment against Cummins was entered in favor of plaintiff for the aggregate of all its claims. And, without

including the Dodge lien, liens were foreclosed for sums more than sufficient to exhaust all the money remaining unpaid and due from Riley. If, therefore, the court erred in refusing to foreclose the Dodge lien, the error was harmless, and the plaintiff was in no way aggrieved thereby.

As to the fourth point: The code provides that the court must allow a reasonable attorney's fee to the lien claimant. What is a reasonable fee is a matter to be determined by the trial court, and its action will not be disturbed on appeal unless it appears that the sum allowed is clearly unreasonable. The record only shows that the trial of the case occupied a portion of four days, but how much of each day does not appear. While the sum allowed seems rather small, we cannot say that the court abused its discretion in determining that $75 was a reasonable fee.

Certain rulings of the court upon the admission of evidence are specified in the statement as erroneous, but they are simply referred to in appellant's brief without argument. On examination of the record we fail to discover any material error in any of the rulings referred to, and therefore pass them by without special notice. The judgment and order appealed from should be affirmed.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.