[Sac. No. 1512. In Bank.—November 29, 1907.]

MERCED LUMBER COMPANY, Respondent, v. DEMETRIO M. BRUSCHI, Appellant, and O. T. McCOON, Defendant.

MECHANICS' LIENS—CONTRACT PRICE—PROVISION FOR FINAL PAYMENT ON COMPLETION OF BUILDING—RIGHT OF LIEN—PRO TANTO PAYMENT OF PRICE.—Under section 1184 of the Code of Civil Procedure, where the contract price for the erection of a building exceeds one thousand dollars, the effect of a provision in the contract, requiring that the final payment of one fourth of the price shall be made at the completion of the building instead of at least thirty-five days thereafter, is to give to all persons except the contractor a right of lien for the value of the labor done and materials furnished by them which are used in the building; and a person otherwise entitled to such lien does not forfeit his right thereto by the payment to him *pro rata,* with other persons entitled to liens, of the balance due on the contract price. The judgment foreclosing such a lien cannot provide for a personal judgment against the owner for any balance remaining due the claimant after the application of the proceeds of the property thereon.

ID.—SUBSTANTIAL DEPARTURE FROM STATUTORY REQUIREMENTS. — The provision in such contract making the whole of the contract price due and payable at the completion of the building is a substantial departure from the provision of section 1184 of the Code of Civil Procedure declaring that one fourth of the price must not be payable until thirty-five days thereafter, and that within thirty days after completion every person who has performed labor on the building or furnished materials therefor may file a notice of his claim of lien.

ID.—ATTORNEY'S FEES UNAUTHORIZED IN FORECLOSURE SUIT.—The provision of the Code of Civil Procedure purporting to allow attorney's fees to a person enforcing a mechanic's lien by foreclosure suit is an unlawful discrimination in favor of such suitors and is therefore unconstitutional and void.

APPEAL from a judgment of the Superior Court of Merced County.  E. N. Rector, Judge.

The facts are stated in the opinion of the court.

J. K. Law, E. R. Jones, and A. E. Bolton, for Appellant.

Frank H. Farrar, for Respondent.

SHAW, J.—This is an action to foreclose a lien for materials furnished by the plaintiff to O. T. McCoon, to be used in the erection of a building on the land of the defendant, Bruschi, in accordance with a contract for such erection made between Bruschi and McCoon.  The court below sustained a demurrer to the answer of Bruschi, who refused to answer further and thereupon judgment was given for the plaintiff as prayed for in the complaint.  McCoon made default.  The defendant, Bruschi, appeals from the judgment.

The contract price for the erection of the building was sixty-seven hundred and fifty dollars.  By the terms of the agreement three fourths of this sum was to be paid at stated times during the period of construction and the final payment of one fourth was to be made at the completion of the building.  Section 1184 of the Code of Civil Procedure provides, with respect to such contracts, that "The contract price shall, by the terms of the contract, be made payable in installments at specified times after the commencement of the work, or on the completion of specified portions of the work, or on the completion of the whole work; provided, that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract."  And further that "In case such contracts . . . do not conform substantially to the provisions of this section, the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof."

The plaintiff bases his claim of lien on the fact that the contract violates this provision of the code by making the last payment upon the contract price payable at the completion of the building, instead of thirty-five days thereafter, as the code

requires. As a defense the defendant, Bruschi, alleged that the entire contract price had been paid and that the last payment of one fourth thereof had been paid, *pro rata*, to a number of persons who had performed labor upon the building or furnished materials to the contractor therefor, all of whom were entitled to liens on the premises therefor, and that the plaintiff had received his due proportion with the others.

We cannot perceive that this constituted any defense to the suit for the foreclosure of the lien. The plaintiff had given the credit for the payment referred to and asked judgment only for the balance remaining upon his claim. The statute above quoted in effect provides that if the contract does not substantially conform to its requirements, the persons furnishing materials to the contractor, which are used in the building, shall have a lien against the property for the value of such materials, regardless of the amount of the contract price. If the contract substantially violates the statute, the payment of the entire contract price and the application of the whole thereof upon claims of third persons against the contractor for labor and materials upon and for the building, would not relieve the owner from the penalty imposed for the benefit of one who was not paid. To allow this would be to render the statute entirely nugatory and leave the owner free to make such contract as he pleased, provided only, he paid the whole of the price to lien claimants, instead of to the contractor. In *San Diego L. Co.* v. *Woolredge,* 90 Cal. 578, [27 Pac. 431], and *Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, 235, [29 Pac. 629, 631], it was held that a failure to observe this provision would entitle claimants to the full value of the materials furnished, although the total exceeded the contract price. It has been held that the failure to conform to the code requirements must be of a character which is substantial, in order to subject the owner to the penalty. Thus, it was held that making the final payment payable thirty days, instead of thirty-five days, after completion would still allow every claimant his full thirty days within which to file his lien before any payment could be made under the contract, and hence, that it would not substantially injure him and consequently would not entitle him to more than his share of the contract price, or of the balance thereof remaining unpaid on completion. (*San Diego Lumber Co.* v. *Woolredge,* 90 Cal. 578, [27 Pac. 431]. See, also,

*Yancy* v. *Morton,* 94 Cal. 561, [29 Pac. 1111] ; *Brill* v. *DeTurk,* 130 Cal. 243, [62 Pac. 462].)    But it cannot be seriously contended that a contract which makes the whole price due and payable at and before the completion of the building is not a substantial departure from a statutory provision declaring that one fourth of it must not be payable until thirty-five days thereafter, and that within thirty days after completion every person who has performed labor on the building or furnished materials therefor may file a notice of his claim of lien in the office of the county recorder.    It was not intended that the lien claimants should be compelled to rely on the good faith and honesty of the owner or contractor in devoting the last payment to the payment of their claims, but that they should have the security afforded by a lien on the property until the claims were paid.    There is nothing in the statute to the effect that the owner shall be exonerated from the effect of his violation of the statute upon showing that he has paid out the entire contract price, *pro rata,* to the claimants of liens, and we cannot by judicial construction interpolate such provision therein.

It appears from the judgment that the court allowed the plaintiff the sum of one hundred dollars as attorney's fees, which is included in the judgment of foreclosure, and that personal judgment was ordered against the defendant, Bruschi, for any balance remaining due the plaintiff after the application of the proceeds of the property thereon.    The personal judgment is erroneous. (*Southern California L. Co.* v. *Schmitt,* 74 Cal. 628, [16 Pac. 516] ; *Kellogg* v. *Howes,* 81 Cal. 180, [22 Pac. 509] ; *Madera Flume and T. Co.* v. *Kendall,* 120 Cal. 184, [65 Am. St. Rep. 177, 52 Pac. 304] ; *Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal. 200, [20 Pac. 419].)    These cases, except *Kellogg* v. *Howes,* relate to the personal liability of the owner under section 1183 of the Code of Civil Procedure, but the language on this point is the same in section 1184, and the same construction should prevail.    In *Builders' Supply Depot* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982], it was decided that the provision of the code for the allowance of attorneys' fees to a person enforcing a mechanic's lien by foreclosure suit was an unlawful discrimination in favor of such suitors and was therefore unconstitutional and void.    We are asked to re-examine the question and overrule

that case. The case was fully considered by the whole court upon the petition for rehearing in that case and again in the recent case of *Mannix* v. *Tryon, ante,* p. 31, [91 Pac. 983]. At most, its soundness is a question upon which a difference of opinion might reasonably exist. The rule must be considered as established.

It is ordered that the judgment of the court below be modified by striking therefrom the provision allowing the sum of one hundred dollars to the plaintiff for his attorney's fees and the provision directing the entry of a deficiency judgment against the defendant, Bruschi, upon the return of the foreclosure sale, and that as so modified the judgment is affirmed.

Angellotti, J., Sloss, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.