[S. F. No. 6915. Department Two.—July 27, 1916.]

## BRANDT BROS., Copartners, Appellants, v. FRESNO HOTEL COMPANY et al., Respondents.

BUILDING CONTRACT—ABANDONMENT OF—CLAIM FOR PLUMBING, VENTI-
LATING, AND HEATING—FINDING CONCLUSIVE ON VALUE OF.—Where a
party furnishing the plumbing, ventilating, and steam-heating to
the general contractor under a building contract which was aban-
doned by the contractor, month by month presented its bills show-
ing the reasonable value of the work performed and the materials
furnished, and the claim of lien and complaint showed in accordance
with the actual transaction between the plaintiff and the general
contractor, that seventy-five per cent of the value of the labor done
and material furnished were to be paid for each month, the esti-
mates of these values by the terms of the contract to be adjudged
by the architect, and being so adjudged by him, and the plaintiff
accepting them uncomplainingly until the time of the trial, when he
sought to recover twenty per cent more, not only than had been con-
tracted for, but more than it had declared month by month was the
value of its work and material, the court properly refused to award
plaintiff the increased amount asked for.

APPEAL from a judgment of the Superior Court of Fresno
County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

C. W. Miller, and Johnston & Jones, for Appellants.

Frank H. Short, Short & Sutherland, F. E. Cook, and Carl
E. Lindsay, for Respondents.

HENSHAW, J.—The Fresno Hotel Company entered into
a contract with H. C. Farley for the erection of a hotel, on
property belonging to the hotel company in the city of
Fresno, for the sum of one hundred and ninety-nine thousand
five hundred dollars. Plaintiff contracted with Farley to do
all the plumbing, ventilating, steam-heating, etc., for the
aggregate sum of twenty-nine thousand eight hundred dol-
lars, payments to be made at the rate of seventy-five per cent
of the value of the work installed each month. Much work
was done, when finally Farley abandoned his contract. At
the time of this abandonment plaintiff had presented bills

CLXXIII Cal.—14

month by month, itemizing the amount and value of the labor performed and materials furnished during the preceding month. The value of the amount of the work done and materials furnished by plaintiff as evidenced by its own bills was $14,532.30, with extra work amounting to $320.35, or a total of $14,852.65. There had been paid seventy-five per cent of this, or the sum of $9,267.62. The court awarded Brandt Brothers a lien for the difference, amounting to $5,585.65.

The court held the original contract between the owner and Farley to be void for reasons not here under consideration. Appellant's contention is that under section 1183 of the Code of Civil Procedure, as it read at the time of this trial, it was entitled to the reasonable value "of the labor and materials furnished," notwithstanding its contract; that this value was not the value evidenced by its bills; that its bills were evidences merely of the "wholesale" cost, and that as a retailer in plumbers' supplies and work it was entitled to an addition of at least twenty per cent above the amount of the bills presented and allowed. Appellant argues that the evidence shows that this added charge of from twenty to thirty-five per cent over the wholesale price is reasonable and in accordance with the current course of business, and that the court should have awarded it this increased amount accordingly.

But, narrowing this consideration to the single proposition of conflicting evidence, it cannot be said that the court's finding of the reasonable value upon which it based its award is unsupported by the evidence, and if it be supported by the evidence there is an end to appellant's complaint. That evidence, as above outlined, indicates that month by month this appellant presented its bills, showing the reasonable value of the work performed and materials furnished. In addition to this the claim of lien and the complaint show, in accordance with the actual transaction between appellant and Farley, that seventy-five per cent of the *value* of the labor done and material furnished were to be paid for each month. Moreover, the estimates of these values were by the terms of the contract to be adjudged by the architect, and they were so adjudged, and appellant accepted them uncomplainingly until at the time of this trial, when he seeks to recover twenty per cent more, not only more than it had contracted for, but more than it had declared month by month was the value of its work and material.

The judgment appealed from so far as concerns the present ground of attack on it is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.