[L. A. No. 12817. In Bank.—December 27, 1932.]

R. J. GLASSCO et al., Appellants, v. EL SERENO COUNTRY CLUB, INC. (a Corporation), et al., Defendants; CLOTILDE CASTRUCCIO, Respondent.

W. C. Dalzell for Appellants.

J. Wiseman Macdonald for Respondent.

WASTE, C. J.—Plaintiffs appeal from an adverse judgment in an action brought to foreclose a mechanic's lien.

The defendant Clotilde Castruccio, owner of the property upon which it is sought to impose the lien, was the only defendant to appear and answer the complaint. It appears that on March 2, 1926, the defendant Castruccio agreed to sell a large parcel of land to three named individuals, a small down payment being made by the purchasers. Thereafter the defendant El Sereno Country Club, deriving whatever interest it had in the property from the purchasers thereof, undertook to construct a clubhouse and golf course on the property. To accomplish this objective the club entered into a contract with the plaintiffs, doing business as copartners, whereby the latter, for a fixed fee, were to furnish engineering service and superintend the construction work. The lien here sought to. be imposed is an outgrowth of said contract. At the close of the trial the court below entered judgment for the plaintiffs and against the El Sereno Country Club in the sum of $8,729.66, but decreed that plaintiffs were not entitled to a lien on the property of the defendant Castruccio. Plaintiffs were also denied any relief against the defendant Castruccio personally. Plaintiffs appealed.

Preliminarily, it might be said that that portion of the judgment denying the appellants a lien, and which is attacked by the plaintiffs in their brief herein, is not properly a subject of review upon this appeal because of the insufficiency of the notice of appeal. The notice states that the appeal is "from so much of the judgment herein as denies relief to the plaintiffs against the said defendant,

Clotilde G. Castruccio . . . '' The notice of appeal makes no mention of that separate and distinct portion of the judgment denying plaintiffs a lien. It is elementary that an appeal from a portion of a judgment brings up for review only that portion designated in the notice of appeal. (2 Cal. Jur. 155, sec. 25.) While it is true that notices of appeal are to be liberally construed with a view to hearing causes on their merits (*Harrelson* v. *Miller & Lux,* 182 Cal. 408, 414 [188 Pac. 800]), we are of the opinion that the notice filed in the present case does not present ''a mere misdescription'' of the judgment, calling for the application of said rule, but rather presents a situation somewhat analogous to that presented in *Dimity* v. *Dixon,* 74 Cal. App. 714, 718 [241 Pac. 905], viz., one where the description of that portion of the judgment appealed from is so clear and unmistakable as to preclude a description of that portion of the judgment denying appellants a lien.

 Though we are satisfied for the foregoing reason that the judgment might well be affirmed, we have examined the record and have concluded that on its merits the judgment of the court below is eminently proper. Under the terms of their contract with the El Sereno Country Club the appellants were to receive a fee of $8,000 for acting as the ''construction, purchasing and engineering department'' in the carrying out of the proposed development, this fee to be increased or diminished, not to exceed fifty per cent, depending on whether the actual cost of construction was less or greater than the estimated cost. The trial court found on competent evidence that the full amount of such fee had been paid to the appellants. No lien is therefore available to the appellants in connection with this sum.

 The contract further provides, in substance, that the appellants in the course of the construction work were to contract for all materials and labor essential thereto. Having expended various sums of money for labor the appellants now seek to impose a lien therefor. Clause ''V'' of the contract is fatal to the appellants' claim of lien. It reads in part: ''All contracts and orders placed by us [appellants], pay rolls and other obligations, *shall be in your name by Stiles Construction Co., Agents, and it is understood that we assume no liability under or by reason of such obligations.''* The trial court found, in effect, that the

appellants had expended $8,729.66 for materials or labor, for which amount they were entitled to judgment against the defendant El Sereno Country Club, but that said sum represented "money voluntarily paid as an advance and a loan by the [appellants] for said El Sereno Country Club", and as to which sum they were not entitled to a lien against the respondent's property. That such money was voluntarily advanced by the appellants on behalf of the El Sereno Country Club is amply supported by the provision of the contract, above quoted, which provides that "all contracts and orders" placed by the appellants, "pay rolls and other obligations" were to be placed in the name of the club, by the appellants as "agents", it being understood that the appellants "assume no liability under or by reason of such obligations". It necessarily follows that all sums so expended by the appellants constitute but loans or advancements to the El Sereno Country Club. ▉ It has long been the settled law of this state that "the mechanics' lien law provides exclusively for the security of materialmen and laborers; and one who advances money as a loan, although it is expressly for the payment of materials and labor devoted to the erection of a building, can have no claim to the benefits of the law." (*Godeffroy* v. *Caldwell*, 2 Cal. 489, 491, 492 [56 Am. Dec. 360].)

The case of *Burr* v. *Peppers Cotton Lumber Co.*, 91 Cal. App. 268 [266 Pac. 1025], hearing denied by this court, is substantially on all-fours with the present case. There, as here, the plaintiff contractor was to receive a stipulated fee for his services in the construction of a railroad. There, as here, the company for whom the construction work was being done "was to pay all costs and expenses of construction, including all materials and labor". There, as here, though not obligated to, the contractor expended certain sums in payment of material and labor bills for which a lien was sought to be imposed. In denying such lien, the decision declares: "But one question for solution is presented by this appeal. Does the California Mechanic's Lien Law give a lien to secure repayment of moneys voluntarily advanced by a contractor in payment of claims against an owner which the contractor is not obligated to pay by his agreement? . . . The placing of appellant [the contractor], by reason of his alleged acts, within the classes afforded

a lien under the California statute, would give anyone advancing moneys, which paid for supplies or material, in effect, a mortgage or trust deed upon property. That such is not the rule is announced both in text-books on the subject of mechanics' liens, and the decisions of the Supreme Court of this state. Boisat on Mechanics' Liens, section 114, says: 'A statute giving liens to those furnishing work or material does not extend to those furnishing money with which the work and materials are paid for. . . . *And a contractor who makes, in the name and on the credit of the owner of the building, a contract with a third person to do certain work on the building, and pays him therefor, has no lien for such work, since the work was furnished by the owner, through the contractor as his agent, and the contractor merely furnishes the money with which to pay for the work. . . . ' "*

The decision quoted from contains a lengthy and instructive discussion of the problem here presented. The principles therein announced are recognized in *Sweet* v. *Fresno Hotel Co.*, 174 Cal. 789, 795 [164 Pac. 788, Ann. Cas. 1918D, 346]. We are satisfied that the situation here confronting us is akin to that presented by the ''non-lienable'' contract involved in the Sweet case, *supra.* In the case at bar the appellants did not contract and expend money for materials or labor in their own right but did so under the terms of their contract, as ''agents'' of the El Sereno Country Club. Appellants assumed ''no liability'' in connection therewith. It follows, therefore, that any moneys so expended by the appellants were loans or voluntary advancements for which, under the authorities they are not entitled to a lien. For the recovery of these sums they must look to their judgment against the El Sereno Country Club.

What has been said sufficiently disposes of this case. We deem it unnecessary to prolong this opinion by considering and discussing other contentions urged by the parties.

The judgment appealed from is affirmed. The order denying a new trial is nonappealable (sec. 963, Code Civ. Proc.) and the purported appeal therefrom is therefore dismissed.

Curtis, J., Langdon, J., Preston, J., Tyler, J., *pro tem.*, Seawell, J., and Shenk, J., concurred.